# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO L. LEON,<br><br>                Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                Defendant. | Case No. CV 11-6103-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On July 28, 2011, Ramiro L. Leon ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on November 7, 2011. On April 2, 2012, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and the case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 52 year old male who applied for Social Security Disability Insurance benefits on January 18, 2008, alleging disability beginning December 1, 2007. (AR 22.) Plaintiff has not engaged in substantial gainful activity since that date. (AR 24.)

Plaintiff's claim was denied initially on April 11, 2008, and on reconsideration on August 5, 2008. (AR 22.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Helen E. Hesse on September 15, 2009, in Orange, California. (AR 22.) Claimant appeared and testified at the hearing, and was represented by counsel. (AR 22.) Medical expert Sami A. Nafoosi, M.D., and vocational expert ("VE") Alan L. Ey, also appeared and testified at the hearing. (AR 22.) The ALJ issued an unfavorable decision on November 6, 2009. (AR 22-28.) The Appeals Council denied review on May 27, 2011. (AR 1-8.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises only one issue as a ground for reversal and remand:

1. Whether the ALJ properly considered the testimony of Ramiro Leon.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination,

the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since December 1, 2007, the alleged onset date. (AR 24.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: diabetes mellitus with evidence of an organ damage including retinopathy and nephropathy, and hypertension. (AR 24.)

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 26.)

The ALJ then found that the Plaintiff had the RFC to perform medium work, specifically as follows:

> The claimant can lift and/or carry 50 pounds occasionally and 25 pounds frequently. He is precluded from balancing; climbing ladders, ropes or scaffolding; and working at unprotected heights, around dangerous or fast moving machinery, and around open pools of water.

(AR 26.) In determining this RFC, the ALJ also made an adverse credibility determination. (AR 27.)

At step four, the ALJ found that Plaintiff is capable of performing his past relevant work as a welder, as that job does not require the performance of work-related activities precluded by the claimant's RFC. (AR 28.)

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act. (AR 28.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly discounted Plaintiff's subjective symptom testimony. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**A.    Relevant Federal Law**

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 & n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because it is unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's

5

symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.      Analysis**

Claimant alleges he is unable to work due to diabetes and hypertension. (AR 26.) He claims his feet hurt, he experiences dizziness and blurry vision, and he has daily headaches. (AR 26.) Claimant says he has to lay down four times a day due to the pain in his feet and cannot walk more than half a block. (AR 26.)

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause his alleged symptoms. (AR 27.) The ALJ, however, found that Plaintiff's statements regarding the intensity, persistence and limiting effects of his symptoms were not credible to the extent they are inconsistent with the ALJ's RFC. (AR 27.) Because there was no finding of malingering, the ALJ was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

The ALJ found that Plaintiff could perform medium level work with postural and environmental limitations (AR 26), including his past relevant work as a welder. (AR 28.) The ALJ based these assessments on the objective medical evidence, including the opinions of Dr. To and Dr. Jani who examined Plaintiff, State agency reviewer Dr. Brodsky, and testifying medical expert Dr. Nafoosi. (AR 27.) Dr. To noted that Plaintiff's blood pressure was controlled on medication. (AR 27.) An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for

1 | discounting a claimant's credibility.  Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005); Thomas, 278 F.3d at 959.  Plaintiff does not dispute that there is medical evidence of record at odds with his alleged subjective symptoms.

4 | The ALJ did not rely solely on the medical evidence in discounting Plaintiff's credibility. The ALJ also noted that Plaintiff was laid off work not because of medical reasons and received unemployment benefits, which requires certification of the ability to work.  (AR 27, 41-42.)  This is a valid reason for discounting a claimant's credibility.  Carmickle v. Comm'r of Soc. Sec., 533 F.3d 1155, 1161-62 (9th Cir. 2008); Copeland v. Bowen, 861 F.2d 536, 542 (9th Cir. 1988); Johnson v. Chater, 108 F.3d 178, 180 (8th Cir. 1997).  Plaintiff does not challenge or even discuss this finding.

11 | The ALJ discounted Plaintiff's credibility for clear and convincing reasons supported by substantial evidence.  The ALJ's RFC is supported by substantial evidence.  The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is AFFIRMED and this case dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 1, 2012

                                                   /s/ John E. McDermott
                                                   JOHN E. MCDERMOTT
                                        UNITED STATES MAGISTRATE JUDGE